## William Ashworth v. Joseph N. Dark.

In a suit to foreclose a mortgage on personal property, the defendant may plead in reconvention that the plaintiff has appropriated the property to his own use, and pray a recovery of the actual value of the property.

Error from Orange. Tried below before the Hon. J. M. Maxcy.

Suit commenced Sept. 27th, 1855, by Dark against Ashworth, on two promissory notes for $1000 each; both dated Oct. 30th, 1854; one payable at six, and the other at twelve months, with ten per cent. interest from date; and to foreclose a mortgage on a stock of cattle, amounting to about six hundred head, more or less, branded T. S. The mortgage was filed as part of the petition, and contained a clause authorizing Dark, the mortgagee, in case of failure of payment, to take the said cattle and sell them at public sale, on twenty days' notice, at the town of Beaumont.

Answer by defendant, of general denial, and plea to the effect that the plaintiff was indebted to defendant in the sum of $6000, for that on or about the first day of August, 1855, the said Dark, in the county of Jefferson, illegally and forcibly took possession of said stock of cattle, then numbering 1000 head, of the value

of $6000, and counterbranded the same, and branded them with his own brand; drove them out of their usual range into the county of Liberty, to the waste and injury of said cattle's great damage, and injury and damage of this defendant $6000, for which defendant prayed damage.*

Fall Term, 1856, plaintiff amended by repeating the allegations of his petition; and alleging that in the note first falling due, were the following credits, to wit: June 23d, 280 head of stock cattle at $3 50 per head, $728 00; July 18th, 18 head of cattle; Sept. 8th, 56 head of stock cattle; Oct. 4th, 1855, 10 head of cattle; that the balance on said notes was still unpaid; prayer for judgment, and foreclosure of the mortgage, and decree for sale of the cattle mentioned in it, &c.

Same Term, defendant amended by inserting at the proper place, the words "and then and there appropriated the same to his own use and benefit."

Same Term, plaintiff again amended, by alleging that under the instructions of defendant, and in pursuance of the power in the mortgage, he, after giving the notice required, sold a part of the cattle mentioned in the mortgage, and applied the proceeds as a credit on the first mentioned note, as set out in former amendment.

Same Term, plaintiff excepted to all that part of defendant's answer, except the general denial, on the ground that it was insufficient in law and contained no valid defence. Exception sustained; and leave to defendant to amend.

Amendment filed accordingly by defendant, striking out all that related to trespass, and averring that on or about the first day of August, 1855, plaintiff became indebted to defendant in the sum of $10,000 for 1000 head of cattle branded as in original answer, in this manner, to wit: about said time plaintiff took said cattle into his possession and converted them to his own use, thereby promising to pay defendant whatever they were worth; defendant avers they were worth ten dollars per head or ten thousand dollars; that said cattle were in Jefferson and Liberty counties when plaintiff took possession of them; and that plaintiff

---

* This plea would seem to come entirely within the rule which sustains a plea of reconvention for damages in wrongfully suing out a sequestration or writ of attachment, in the same suit; particularly in this case, where there was a power in the mortgage, equivalent to remedial process, under color of which the cattle were taken. But if the plea could only be sustained on this ground, it should perhaps allege that the taking was under color of the power.—REPS.

had not paid for them, although often requested so to do. Where-fore defendant pleads the above in reconvention, and prays, &c.

Exception to the plea, thus amended, on the ground that it was insufficient, in that it did not allege that defendant sold plaintiff any cattle, but alleged that plaintiff took possession of the cattle, and did not allege any legal promise to pay. Excep-tion sustained by the Court. Defendant again asked leave to amend, which was refused; jury waived, and judgment for plain-tiff for $1316 94, foreclosure of the mortgage and order of sale.

*E. A. M. Gray,* for plaintiff in error. It is submitted that the answer of defendant contained allegations of facts sufficient in law to constitute a good and valid defence to plaintiff's cause of action. (Hart. Dig. Art. 609; Sterrett v. Houston, 14 Tex. R. 153.)

It is also insisted that the Court erred in not permitting the defendant to amend his answer, so as to meet the objections of plaintiff.

*E. B. Pickett* and *T. Rock,* for defendant in error. A plea which sets up a tort or the commission of a crime, as a defence to a civil action on a liquidated claim, is bad and should not be sustained. No case yet decided by this Court goes the length of holding this a good plea. The statute regulates the character of claims that may be plead in reconvention. (Hart. Dig. Art. 609.) The amended plea in reconvention, though different in phraseology is the same in substance as the original plea; and all the objections which could be urged to the original plea, apply to the amended plea. If appellee forcibly, and without the know-ledge, and against the consent of appellant, as is alleged in the plea, took appellant's cattle, and branded them in his, appellant's, brand and drove them out of Jefferson into Liberty county, he committed a larceny, and the cattle are still appellant's, and he has a right to go and take them wherever he finds them. The case of Castro v. Gentiley, (11 Tex. R. 28,) is deemed conclu-sive on the points now under consideration.

Did the Court below err in refusing to allow appellant to amend? He had asked and obtained leave twice to amend, and the cause had been delayed and time given him to amend. There must be some end to amendments, or no case could be forced to trial. On this point see Hardy v. De Leon, 5 Tex. R. 211; Id.

130 ; Lewin v. Houston, 8 Tex. R. 94; Matossy v. Frosh, 9 Id. 610.

WHEELER, J.   The object of amending the answer was to waive the tort, and rely upon the implied contract.  As amended, the answer amounts to this : that the plaintiff had taken and appropriated the identical property of the defendant, upon which he had taken the mortgage to secure the payment of the note sued on, of value more than sufficient to satisfy the debt.   Can it be doubted that this was an answer to the action to foreclose the mortgage upon this property ?   We think not.   If true, it was an answer to the entire action ; for if the mortgage was thus satisfied, there was no longer a subsisting debt.   And the Court having acquired cognizance of the defendant's demand, would retain it for the purpose of final disposition, and would award a recovery over against the plaintiff, if the defendant showed himself entitled to it.   We are therefore of opinion that the Court erred in sustaining exceptions to the answer ; for which the judgment is reversed, and the cause remanded.

Reversed and remanded.